STATE OF MINNESOTA *vs.* LUDWIG BRUCKHAUSER and another.

December 11, 1879.

Charter of Jordan—Power to punish for Assaults, etc.—The charter of the village of Jordan authorizes the village council, by ordinance, "to prevent riots, noise, disturbance of meetings or public assemblies whatever; to punish any person or persons who may be engaged in or in any way connected with the same; and, generally, to promote and preserve good order and the public peace;" and "to prevent open and notorious drunkenness, brawling or obscenity in the streets, alleys or public places, and to provide for the punishment of all persons who may be guilty of the same." *Held*, that this authorizes the council to provide a punishment for assault and battery only when committed publicly, and so as in fact to be a public disturbance.

*Certiorari*, to review a judgment of one of the justices of the peace of the village of Jordan, in Scott county, (who was also one of the justices of the peace of the county,) before whom the defendants had been convicted on a complaint charging an assault and battery "at the village of Jordan, in said county," without more particular description of the place of commission of the offence, "against the peace and dignity of the state of Minnesota, and contrary to the form of section 1, of ordinance 1, village ordinances of Jordan, in such case made and provided." The ordinance in question provides that "any person guilty of assault, battery or affray, shall, for each offence, on conviction before the village justice of said village, be punished by a fine not exceeding $100, and imprisonment not exceeding 30 days," etc.

*R. H. McClelland*, for the State.

*E. Southworth*, for defendants.

GILFILLAN, C. J. The charter of the village of Jordan (Sp. Laws 1872, *c.* 16) authorizes the village council to enact ordinances, rules and by-laws "to prevent riots, noise, disturbance of meetings or public assemblies whatever; to punish any person or persons who may be engaged in or in any way connected with the same; and, generally, to promote and

preserve good order and the public peace;" (Id. § 5, subd. 2;) "to prevent open and notorious drunkenness. brawling or obscenity in the streets, alleys or public places, and to provide for the punishment of all persons who may be guilty of the same." Id. subd. 6. This does not authorize the council to punish felonies or misdemeanors, as such, but only to inflict punishment when such crimes are committed under circumstances of publicity, so as to actually disturb the peace and good order of the village. Assault and battery is, however privately committed, a technical breach of the public peace, but we think the council may punish it only when done publicly, and so as in fact to be a public disturbance.

The ordinance of the village assumes to provide a punishment for any assault and battery, without regard to the circumstances under which it may have been committed, whether public or private. In this the council has gone further than the charter authorizes them.

In this case the prosecution is for a simple assault and battery, which would come under the general law of the state in regard to that offence. The justice who tried the case had jurisdiction to try causes, as well those of offences against the laws of the state triable before a justice, as of offences under the ordinances of the village. As, therefore, the conviction could only be of an offence against the general law of the state, the mode of review applicable to such cases—that is, by appeal to the district court—is the only mode of review. The remedy of the defendants in the prosecution for an improper conviction is by appeal to the district court. As such an appeal is given, *certiorari* by this court will not lie.

Writ quashed.